IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL SEAN TUCKER,                                                                                  PLAINTIFF

v.                                              4:22CV01016-KGB-JTK

DOE                                                                                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    Introduction**

Michael Sean Tucker ("Plaintiff") was confined in the Yell County Detention Center when he filed this action pro se. (Doc. Nos. 1, 4). Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP Motion"), which was granted. (Doc. Nos. 3, 5). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") on November 7, 2022 and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 5). Plaintiff was given the opportunity to file an amended complaint within 30 days to cure the deficiencies in his pleading. (Id.) To date, Plaintiff has not filed an amended complaint, and the time for doing so has passed. Further, mail sent from the Court to Plaintiff at his address of record has been returned as undeliverable. (Doc. Nos. 6, 7). It appears Plaintiff is no longer in custody at the Yell County Detention Center.

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

Plaintiff filed a Complaint (Doc. No. 1) and an Addendum (Doc. No. 4). The Court construed these pleadings as one.

Plaintiff did not set out his claims on the standard from used in this District for filing a lawsuit pro se under 42 U.S.C. § 1983. (Doc. Nos. 1, 4). Plaintiff's Complaint reads, in its entirety:

> My name is Michael Tucker. I have been in Yell Co. Jail for 32 days and I have heart problems and put in a week early to go see my heart doctor and they refused to take me to my appointment. I was sick for 4 days with Covid/flu like symptoms and still didn't let me see a doctor. I even demanded to go to the hospital and still nothing or no doctor. I told every staff member that came in and Jennifer Koener also. Both of my heels are busted open and asked to see a doctor about that too and again no doctor.

(Doc. No. 1 at 1).

Plaintiff's Addendum provides:

> On 9-17-22 I told Jennifer Koener I had a heart doctor appointment on 9-21-22 and she said she knew and was told by my P.O. (Scott Mercer) that I would see a doctor at SSP. I haven't seen my heart Dr. Praga in over 6 months and still in Yell County Jail and put in a request with their doctor to see a heart doctor and still haven't seen one. Jordan Wilson is a witness to our conversations.

(Doc. No. 4 at 1).

While Plaintiff complains about a lack of medical care for his heart condition, among other things, he did not name any individual as a Defendant or describe the relief he seeks.

### A.    No Demand for Relief Sought

Rule 8 of the Federal Rules of Civil Procedure governs general rules for pleadings. FED. R. CIV. P. 8. Rule 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a). Plaintiff's Complaint (Doc. Nos. 1, 4) does not include a demand for relief.

**B.     Official Capacity Claims**

Plaintiff did not name any individual as a Defendant, but he did mention Jennifer Koener by name in his Complaint (Doc. Nos., 1, 4).  Plaintiff did not specify the capacity in which he sued Ms. Koener, if he did mean to bring suit against her.

As the Court of Appeals for the Eighth Circuit has explained, "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir.1998).  Because Plaintiff did not specify if claims he sought to make against Ms. Koener were individual capacity claims, the Court interprets Plaintiff's Complaint as raising official capacity claims only.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).  Any claims Plaintiff brought against Ms. Koener are the equivalent of claims against Yell County.

To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury.  Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).

Plaintiff has not alleged that a policy or custom was the driving force behind the alleged violation of his rights.  As such, any official capacity claim fails.  Because Plaintiff did not bring personal capacity claims, his Complaint (Doc. Nos. 1, 4) fails to state a claim on which relief may be granted.

When Plaintiff was given the chance to file an amended complaint, the Court advised him of what an official capacity claim and a personal capacity claim for deliberate indifference to serious medical needs entails. (Doc. No. 5 at 3-4). The Court also gave Plaintiff specifics as to what any amended complaint should contain. (Id. at 4). And the Court sent Plaintiff a blank § 1983 complaint form, which prompts a plaintiff to provide relevant information. Despite the guidance from the Court, Plaintiff has not filed an amended complaint.

IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 12th day of December, 2022.

_____
JEROME T. KEARNEY

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

UNITED STATES MAGISTRATE JUDGE